### Ex Parte Louisa Merry.

The Joint Resolution of June 5th, 1837, and the Act of the Congress of the Republic of December 12th, 1840, conferred the privilege of residing within the State, only upon such free persons of color as resided in Texas on the day of the Declaration of Independence, and upon their issue, born of parents who lived together as man and wife, in the manner usual amongst persons of their class.

A free person of color, who is the issue of a mere casual sexual intercourse between persons privileged as aforesaid by the laws referred to, is not entitled to the benefits conferred by those laws

This was a case of *habeas corpus*. The facts are sufficiently stated in the opinion.

BELL, J.   We do not think it necessary, in this case, to decide how far it is within the power of the Legislative Department of the Government to deal with the privileges accorded to certain free persons of color, by the Joint Resolution of the 5th of June, A. D. 1837. We are of opinion that the present applicant is not

shown to be a person of the class which can claim the privilege of residing within the State, either by virtue of the Joint Resolution of 1837, or the Act of the Congress of the Republic, of the 12th December, 1840. We think those laws were intended to confer a privilege upon such free persons of color as resided in Texas on the day of the Declaration of Independence, and upon the issue of such persons, born of parents who lived together as man and wife, in the manner usual amongst persons of their class. The present applicant is not shown to be the fruit of any relationship in the nature of marriage ; and it could never have been in the mind of the Legislature to confer privileges upon persons who might be the fruit of the merely casual sexual intercourse of their parents.

We are of opinion, therefore, that the applicant take no benefit from the writ which has been issued.

The person filing the petition for the writ of *habeas corpus* will pay the costs.

Judgment rendered.